UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| BRAYON WILLIAMS, | ) |
| Petitioner, | ) |
| v. | ) No. 2:25-cv-00087-AGF |
| STATE OF MISSOURI, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

Petitioner Brayon Williams filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging a 2022 state court conviction and sentence.[1] ECF No. 1. However, Petitioner did not pay the filing fee, file a motion to proceed *in forma pauperis*, or properly sign his Petition. Under Rule 11 of the Federal Rules of Civil Procedure, "[e]very pleading, written motion, and other paper must be signed ... by a party personally if the party is unrepresented." Further, Local Rule 2.11 recognizes a "person's name on a signature block" as a signature when the person made an "authorized filing" through his or her electronic filing account. The Local Rule goes on to explain that even if a document is electronically filed, if it has been signed by someone "other than an attorney of record," then "the document must be physically signed." E.D. Mo. L.R. 2.11.

Here, Petitioner Williams did not make an authorized filing through an electronic filing account, and he typed a set of numbers and letters in the signature block of his Petition. *See* ECF No. 1 at 13. He therefore failed to satisfy the requirements of the Federal Rules of Civil Procedure and this Court's Local Rules. *See Dean v. Stobie*, No. 4:24-cv-00184-SRC, ECF No. 5 (E.D. Mo. March 1, 2024); *Dean v. Stobie*, No. 4:24-cv-00074-MTS, ECF No. 22 (E.D. Mo. Jun. 5, 2024). Furthermore,

---

[1] On the same day, Petitioner Williams also filed a Motion under 28 U.S.C. § 2255, challenging the same state court conviction and sentence. *See* ECF No. 2. Because Petitioner is challenging a conviction from state court and not federal court, this case is construed as being brought under 28 U.S.C. § 2254.

Petitioner Williams should be aware of this necessity as he has been warned multiple times about this failure to sign filings in the past. *See Williams v. United States*, No. 2:24-cv-74-MTS, ECF Nos. 10 & 17 (E.D. Mo. Oct. 10, 2024).

Within **fourteen (14) days** of the date of this Order, Williams must either pay the filing fee or file a **complete** and **properly signed** motion to proceed *in forma pauperis* on the Court-provided form. Additionally, within **fourteen (14) days** of the date of this Order, Williams must properly sign the Petition and return it to the Court. To assist Williams, the Court will direct the Clerk to return the Petition to him. If Williams fails to timely comply with this Order, the Court will dismiss this case without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall return the Petition [ECF No. 1] to Petitioner Brayon Williams for proper signature.

**IT IS FURTHER ORDERED** that the Clerk shall send Petitioner Brayon Williams a copy of the Court's 'Motion to Proceed In Forma Pauperis and Affidavit in Support – Habeas Cases' form.

**IT IS FURTHER ORDERED** that, **within fourteen (14) days of the date of this Order**, Petitioner Brayon Williams shall properly sign the Petition and return it to the Court and shall either pay the filing fee or file a complete and properly signed Motion to Proceed *In Forma Pauperis*.

**Petitioner Brayon Williams's failure to timely comply with this Order will result in the dismissal of this case without prejudice and without further notice.**

Dated this 5th day of December, 2025.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE